# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

TILLMAN NORTH,                :
AIS 252941,

                               :

       Petitioner,

                                 :

vs.                              CA 07-0689-CG-C

                                 :

JERRY FERRELL,

                                 :

       Respondent.

## REPORT AND RECOMMENDATION

Tillman North, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  To the extent the present attack is upon petitioner's underlying conviction for possession of a controlled substance it is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d). To the extent, however, the petition can be liberally read as an attack on the revocation of petitioner's

probation, the undersigned recommends that this case be dismissed without prejudice to allow North to exhaust his state court remedies.

## FINDINGS OF FACT

1.      On January 29, 2004, North was indicted on four counts of unlawful possession of a controlled substance and one count of possession of marijuana. (*See* Doc. 9, Exhibit RX-1, Case Action Summary Sheet) He was arraigned on all charges on February 19, 2004. (*See id*.)

2.      On March 4, 2005, petitioner entered a counseled guilty plea to Count I of the indictment charging him with unlawful possession of Oxycontin; Counts II through V of the indictment were nol-prossed. (*See* Doc. 1, **ENTRY OF GUILTY PLEA**) North was sentenced that date to a fifteen year split sentence; he was ordered to serve fourteen (14) months in the custody of the Department of Corrections with the remainder of the sentence being suspended upon his successful completion of a five-year probationary term. (*See* Doc. 9, Exhibit RX-1, Case Action Summary Sheet) The docket sheet reflects that later that month, specifically on March 29, 2005, the sentencing order was amended to reflect a probationary term of four (4) years. (*See id*.)

3.      On May 3, 2007, North's probation was revoked and he was

ordered to serve the balance of his original fifteen-year sentence. (*See* Doc. 9,

Exhibit RX-2, Case Action Summary Sheet)

    4.    On September 21, 2007, North filed a Rule 32 petition in the

Circuit Court of Escambia County, Alabama, therein attacking his March 4,

2005 ("Amendment-March 29, 2005") conviction. (Doc. 9, Exhibit RX-3)

> Come now petitioner on behalf of representation of Public Defender Jeffery Todd Stearns where all of my right was violated on date of 3[rd] month 2005. Attorney: Jeffery Todd Stearns would not attend trial to defend defendant Tillman North concerning this particular case that consist of police brutality and false evidence planted on the defendant Tillman North. As of today 9-11-07 I'm currently incarcerated at G.K. Fountain 3800 Atmore[,] Alabama 36503[-]false imprisonment because of his ineffective assistance of counsel. Counsel failed to grant motions and suppress any evidence. Counsel failed to challenge the probable cause of stopping to see was stop legit. Counsel should've preserve[d] the illegal search and seizure for appellate review. Counsel should've challenge[d] the enhancement of sentence after alleged charges was dropped. Counsel should've challenge[d] double jeopardy. Defendant questions the authenticity of toxicologist report for unknown pill, which was change[d] to cocaine[-] pill unknown could've been an aspirin. Counsel failed to do the most he could for his client and defendant should've received a fair trial.

(*Id.*, Writ of Habeas Corpus[,] Ineffective Assistance of Counsel) There is no

indication that the trial court has ruled upon North's Rule 32 petition.

    5.    North filed his habeas corpus petition in this Court on September

28, 2007. (Doc. 1) Although petitioner cites to the probation revocation date--

May 3, 2007--as his date of conviction (Doc. 1, at 2), he contends that his conviction was obtained by use of a coerced confession and ineffective assistance of counsel based on the following:

> Never to attend trial after task force stated substance was unknown, it was not of the five they dropped, after name substance unknown pill, he stated I plead to one of the five counts. Then to enhance of greater sentence. . . . [F]ive charge[s] never confest (sic) or ple[d] to. Attorney call questioned about a one unknown pill which task force stated defendant had it was no of the five charge[s] listed on indictment counts.
>
> .        .        .
>
> I wrote Judge told him of my plea, it was to a[n] unknown substance not of the five charge[d]. Attorney stated substance was Lortab [but] never [did] get [the] tox[icology] report. Then later change to oxycontin[-] [I] never enter[ed] [a] plea to oxycontin or any other related substance that was dropped.

(*Id*. at 7; *see also id*., Habeas Attachment ("I plaintiff Tillman North did not withdraw a plea of not guilty on all five counts of unlawful possession of control[led] substance[s] of 10 years 2 probation[.]")) It is clear from petitioner's allegations, both in his Rule 32 petition filed in state court and the instant petition, that he is attempting to attack his underlying unlawful possession of Oxycontin conviction, as opposed to any defect centered on the revocation of his probation.

4

## CONCLUSIONS OF LAW

### A.    Statute of Limitations.

1.    The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim

or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2.      Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of North's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his unlawful possession of Oxycontin conviction became final.  "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996."  *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since North's conviction became final in 2005.

3.      Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" Since he did not file a direct appeal from his conviction and

6

sentence, North's unlawful possession of a controlled substance conviction became final on April 16, 2005 when the forty-two-day period in which to orally or in writing file notice of appeal expired.[1]  Rule 4(a), Ala.R.App.P.; *Symanowski v. State*, 606 So.2d 171 (Ala. Crim. App. 1992); s*ee Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) ("Bridges pled guilty to terroristic threats, aggravated assault and stalking charges, and was sentenced to 26 years' imprisonment on November 12, 1996. He did not appeal his convictions and sentences, but he did request that his sentence be reviewed by a sentence review panel, pursuant to O.C.G.A. § 17-10-6. . . . As provided in 28 U.S.C. § 2244(d)(1)(A), his judgment became final on the date that the time for seeking direct review expired; this date was not affected by his application for sentence review, because an application for sentence review is not a part of the direct appeal process under Georgia law. . . . Accordingly, Bridges' judgment of conviction became final on December 21, 1996, the date on which his 30-day right to appeal the November 21, 1996 judgment expired."); *Tinker v. Moore*, 255 F.3d 1331, 1332 & 1333 (11th Cir. 2001) ("Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District

---

[1]     Even if this Court was to find that petitioner's conviction did not become final until forty-two days after his sentence was amended on March 29, 2005, such finding would not alter the statute of limitations analysis because the conviction would be final on May 10, 2005 and his statute of limitations would have run on May 10, 2006.

Court of Appeal affirmed his conviction. . . . The mandate issued on February

14, 1997. . . . Under Florida law, a judgment against a criminal defendant

becomes final upon issuance of the mandate on his direct appeal. . . . Tinker's

mandate issued on February 14, 1997, and thus he had until February 13, 1998,

to file his § 2254 petition, absent tolling of the limitations period."), *cert.*

*denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002).[2]

-------

[2]     This Court recognizes that AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States." *Pugh, supra*, 465 F.3d at 1299; *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."). However, in those instances, as here, where a petitioner is not entitled to seek review in the Supreme Court of the United States, he is not entitled to benefit of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court, Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after the entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where . . . any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States."). *See Pugh,* 465 F.3d at 1299-1300. As previously established, North did not appeal his conviction and sentence; therefore, he was not entitled to seek direct review in the United States Supreme Court. *See id.* As aforesaid, North's conviction became final when the forty-two days for appeal ran, *see Symanowski, supra,* and this Court need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13.1, *compare Pugh,* 465 F.3d at 1299-1300 *with Tinker, supra,* 255 F.3d at 1332 & 1333.

4.      North's one-year period of limitations under AEDPA began to run on April 16, 2005 and expired on April 16, 2006. Petitioner filed a Rule 32 petition collaterally attacking his conviction and sentence in the Circuit Court of Escambia County, Alabama on September 21, 2007, some two years and five months after his conviction became final. Obviously, the instant federal habeas corpus petition, filed one week later on September 28, 2007, was also filed after the one-year period of limitations expired.

5.      Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:   "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.'  .  .  .  Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-year

limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

6.    In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations

period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period.  It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

        **B.     Exhaustion of State Remedies.**

        7.     While it is apparent to the undersigned that petitioner is attacking the very validity of his March 4, 2005 conviction and sentence, as opposed to a deficiency related to his probation revocation proceedings, to the extent his petition can be liberally read to state an attack on his May 3, 2007 revocation proceedings, the undersigned finds that petitioner has not exhausted his state remedies.

        8.     A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on

their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted).   "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845, 119 S.Ct. at 1732; *see Thomas v. Crosby*, 371 F.3d 782, 813 (11th Cir. 2004) (Tjoflat, C.J., concurring specially) ("While a prisoner is not obligated to seek every conceivable extraordinary writ available in state court, he must at the very least afford the state 'a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . [by] invoking one complete round of the State's established appellate review process.'"), *cert. denied,* 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005).

9.     A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been

"fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id*. (citation omitted).  If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982).

10.    The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct.

1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

11.     In this case, petitioner has not responded to the answer of the respondent and, therefore, has done nothing to establish that he has either exhausted his state remedies or that it would be futile to require him to exhaust those remedies. In particular, petitioner, all but concurrently with the filing of the instant petition, filed a Rule 32 in state court. While the undersigned believes that the state petition is collaterally attacking the underlying conviction for unlawful possession of Oxycontin, as opposed to the revocation of probation, it is clear the North appreciates that state court remedies are available to him. Accordingly, it is the undersigned's opinion that petitioner

14

be required to exhaust his state remedies, and thereby give all of Alabama's state courts one full opportunity to resolve the constitutional issues he might possess regarding the revocation of his probation, by invoking one complete round of the State's established review process.

## **CONCLUSION**

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d) to the extent that this petition constitutes North's attempt to attack his underlying March 4, 2005 conviction for unlawful possession of Oxycontin. To the extent, however, that the petition can be liberally read as attacking the May 3, 2007 revocation proceeding this cause is due to be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust his state court remedies.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 14th day of January, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

15

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        s/WILLIAM E. CASSADY
        UNITED STATES MAGISTRATE JUDGE